**Electronically Filed
Intermediate Court of Appeals
30235
07-APR-2011
08:43 AM**

NO. 30235

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


ALVIN A. ANJO, JR., Plaintiff-Appellant,
v.
STATE OF HAWAII, DEPARTMENT OF EDUCATION;
JOHN DOES 1-10; DOE ENTITIES 1-10,
Defendants-Appellees


APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 07-1-0222)


SUMMARY DISPOSITION ORDER
(By:  Nakamura, C.J., Foley and Leonard, JJ.)


Plaintiff-Appellant Alvin A. Anjo, Jr. (Anjo or Plaintiff) appeals from the Judgment (Judgment) filed on November 9, 2009 in the Circuit Court of the Third Circuit[1] (circuit court).  The circuit court entered judgment in favor of Defendant-Appellee State of Hawai'i, Department of Education (DOE) and against Anjo on all counts of Anjo's First Amended Complaint, pursuant to the July 29, 2009 "Findings of Fact and Conclusions of Law and Order Granting [DOE's] Motion for Summary Judgment, Filed May 1, 2009" (Order Granting SJ).

On appeal, Anjo contends the circuit court erred by entering the Judgment and the Order Granting SJ.  In particular,

_____

[1]  The Honorable Elizabeth A. Strance presided.

Anjo challenges the circuit court's Conclusions of Law (COLs) C and J in the Order Granting SJ. COL C, disposing of Anjo's disability discrimination claim, provides in part:

> Plaintiff failed to show that [DOE] discriminated against him by failing to accommodate his disability. The complaint was based on the fact that the relocation of Plaintiff[']s classroom at the end of January 2006 would require Plaintiff to climb approximately twenty steps, and that it was his difficulty navigating stairs that gave rise to the cause of action. However, there is no genuine issue of material fact that Plaintiff had access to his classroom via a ramp, and that he was not required to climb steps to access the classroom. Plaintiff could use the ramp, as he had done prior to January 2006.

Challenging paragraph C, Anjo argues that (1) the issue of what is a "reasonable accommodation" is generally one for the trier of fact and (2) the absence of an interactive process to ascertain a "reasonable accommodation" precluded a finding of summary judgment in favor of DOE.

COL J, disposing of Anjo's retaliation claim, provides in part:

> Plaintiff has failed to rebut DOE's legitimate nondiscriminatory purpose, and that that [sic] legitimate nondiscriminatory purpose was a pretext to hide the true motivation. When the burden of proof was shifted back to Plaintiff, Plaintiff failed to present specific or substantial evidence of pretext. Plaintiff has not "shown that either a discriminatory reason more likely motivated the employer or that the employer's proffered explanation is unworthy of credence." Villiarimo [v. Aloha Island Air, Inc.], 281 F.3d [1054,] 1063 [(9th Cir. 2002)] (citations omitted). The evidence before the Court shows that DOE received many complaints from teachers and students against the Plaintiff; DOE was obligated to investigate those complaints. The investigation was conducted by a neutral party, unrelated to the administration of the KMS [Kohala Intermediate School], and there was sufficient evidence to conclude that Plaintiff violated DOE policies. As such, Plaintiff[']s termination was just and proper and was not pretextual.

(Ellipses omitted.) Anjo argues that he "submitted sufficient direct and circumstantial evidence to demonstrate that his termination was a pretext in retaliation for his requests that [his] disability be 'reasonably accommodated' and for his constitutionally protected assertion of this right by filing complaints" with the Equal Employment Opportunity Commission.

Anjo asks this court to vacate, in whole or in part, the Judgment and the Order Granting SJ and to remand this case for trial on the merits.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve Anjo's points of error as follows:

(1) There is no genuine issue of material fact as to whether the ramp was a reasonable accommodation.

> The employer need not provide the accommodation that the employee requests or prefers. Instead, the employer retains the "ultimate discretion" to choose another effective accommodation, even if less expensive or easier to provide. Accordingly, an employee is not entitled to a particular reasonable accommodation if another reasonable accommodation is provided. To prevail, Trepka must demonstrate a genuine issue of material fact with regard not only to her entitlement to her requested accommodation, but also to the inadequacy of the offered alternatives.

Trepka v. Bd. of Educ. of Cleveland City Sch. Dist., 28 Fed. Appx. 455, 459-60 (6th Cir. 2002) (citations omitted).

Neither Anjo nor his doctor state anywhere in the record that the ramp was inadequate. When asked in his deposition if he found it "easier to use the ramp," Anjo replied "yes" and that he'd "try to go to the ramp . . . [a]s much as possible, use the ramp."

(2) Anjo did not claim in his complaint or argue in the circuit court that there was no interactive process between himself and DOE. We therefore reject Anjo's claim. "As a general rule, if a party does not raise an argument at trial, that argument will be deemed to have been waived on appeal; this rule applies in both criminal and civil cases." Chung v. McCabe Hamilton & Renny Co., 109 Hawaiʻi 520, 537, 128 P.3d 833, 850 (2006) (internal quotation marks and citation omitted).

(3) DOE provided extensive, legitimate, nondiscriminatory reasons for Anjo's termination. After DOE satisfied its burden of production, Anjo failed to present either

direct or specific and substantial circumstantial evidence of retaliation, which is required to survive summary judgment. Bergene v. Salt River Project Agric. Improvement & Power Dist., 272 F.3d 1136, 1142 (9th Cir. 2001).

 Therefore,

 IT IS HEREBY ORDERED that the Judgment filed on November 9, 2009 in the Circuit Court of the Third Circuit is affirmed.

 DATED: Honolulu, Hawai'i, April 7, 2011.

On the briefs:

Leslie S. Fukumoto
for Plaintiff-Appellant.

James E. Halvorson
Maria C. Cook,
Maura M. Okamoto,
Deputy Attorneys General,
for Defendant-Appellee
State of Hawaii, Department
of Education.

Chief Judge

Associate Judge

Associate Judge